NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM BORTZ; AVE BORTZ, | No.    22-55582 |
| Plaintiffs-Appellants, | D.C. No. 3:21-cv-00618-TWR-DEB |
| v. | |
| JP MORGAN CHASE BANK, N.A.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted July 13, 2023
Pasadena, California

Before:  SANCHEZ and MENDOZA, Circuit Judges, and JACKSON,[**] District Judge.

William and Ave Bortz appeal the district court's order dismissing their

claims of financial elder abuse under California Welfare & Institutions Code

section 15610.30 ("California Financial Elder Abuse Law").  Their complaint

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Brian A. Jackson, United States District Judge for the Middle District of Louisiana, sitting by designation.

describes a devastating internet-based scam that deprived them of their life savings. Fraudulent third parties convinced William to send hundreds of thousands of dollars from his Chase bank account to bank accounts in Hong Kong through a series of wire transfers. The fraudsters vanished, and plaintiffs now seek to recover from Chase and its employees. Plaintiffs contend that Chase violated the California Financial Elder Abuse Law by complying with William's wire-transfer orders. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's interpretation of California law de novo, *Olympic Sport Prods. v. Universal Athletic Sales Co.*, 760 F.2d 910, 913 (9th Cir. 1985), we affirm.

1. Plaintiffs' complaint does not state a claim under subdivision (a)(1) of the California Financial Elder Abuse Law. Subdivision (a)(1) provides "[f]inancial abuse of an elder . . . occurs" when a person or entity "[t]akes, secretes, appropriates, obtains, or retains . . . property of an elder . . . for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(1). Subdivision (b) further specifies that "[a] person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes . . . the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder." Cal. Welf. & Inst. Code § 15610.30(b). Plaintiffs' complaint alleges that the scammers took their life savings, not Chase. And although plaintiffs allege that

2

Chase charged them a fifty-dollar fee for each wire transfer, they do not meaningfully allege that those service fees caused them "harm[]." *Id.*; *see also Paslay v. State Farm Gen. Ins. Co.*, 248 Cal. App. 4th 639, 658 (2016) ("[W]e conclude that under subdivision (b) of 15610.30, wrongful conduct occurs only when the party who violates the contract actually knows that it is engaging in a harmful breach, or reasonably should be aware of the harmful breach.").

2.      Plaintiffs' complaint does not state a claim under subdivision (a)(2) of the California Financial Elder Abuse Law.  Subdivision (a)(2) creates liability for a person or entity that "[a]ssists in taking, secreting, appropriating, obtaining, or retaining . . . property of an elder . . . for a wrongful use or with intent to defraud, or both."  Cal. Welf. & Inst. Code § 15610.30(a)(2).  Although the California Supreme Court has not interpreted this provision, a California appellate court has held that where "a bank provides ordinary services that effectuate financial abuse by a third party, the bank may be found to have 'assisted' the financial abuse only if it knew of the third party's wrongful conduct." *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 745 (2010); *see also Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145–46 (2005) ("California courts have long held that liability for aiding and abetting [an intentional tort] depends on proof the defendant had actual

3

knowledge of the specific primary wrong the defendant substantially assisted.").[1]

*Das* is the only published state appellate authority to have interpreted section 15610.30(a)(2).

Plaintiffs do not allege that Chase had actual knowledge of the scammers' wrongful conduct. They instead contend that subdivision (a)(2) imposes strict liability on persons or entities who "[a]ssist[] in" a wrongful taking by a third party. Cal. Welf. & Inst. Code § 15610.30(a)(2). Amicus Curiae Institute on Aging argues in the alternative that the "knew or should have known" standard—applicable to direct takers under subdivision (b)—should also apply to persons or entities who "[a]ssist[] in taking" under subdivision (a)(2). Both contend that the plain language supports their divergent readings of the statute and that *Das* was wrongly decided. In the absence of any "convincing evidence" that the California Supreme Court would depart from *Das* or adopt the alternative statutory constructions proposed by plaintiffs or amicus, we are "obligated to follow" that decision. *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990).

**AFFIRMED.**[2]

---

[1] Although *Das* interpreted a previous version of the California Financial Elder Abuse Law, subsequent amendments did not materially alter subdivision (a)(2). *Compare* Cal. Welf. & Inst. Code § 15610.30(a)(2) (2014) *with id.* (2000).

[2] We **DENY** plaintiffs' concurrent motion to certify this question to the California Supreme Court.